ORIGINAL

FILED
FEB 04 2016
United States Bankruptcy Court
San Jose, California

United States Bankruptcy Court
Northern District of California (San Jose)

BRIEF:

In re

Rebecca Lynn Yee | Bankruptcy Case No. 14-54638 Chap.7

Debtor

Rebecca Lynn Yee | Adversary Proceeding No. 14-05136

Plaintiff | Honorable Stephen L. Johnson

Vs | **CASE BRIEF FOR "BRUNNER STANDARD"**

US Department of Education

Et all

Congress has never defined "undue hardship" but has established the "Brunner Standard" to prove undue hardship. The problem with this standard is that each individual is different as are their circumstances. Attorneys tend to interpret "undue hardship" according to their own standards; not what is actually impacting a person's life.

In my case, one attorney wanted to know why I would help an adult daughter whose husband tried to kill her in front of their only daughter. He was sentenced to jail for three years. However he is now out of jail, not working, not helping my daughter in any manner while she tries to survive and support her daughter and son while attending nursing school fulltime. She does have a part time job, but due to school nursing requirements cannot work many jobs due to the time she must attend school as well as hospital nursing practice hours. She shares a room with her daughter, her son shares a room with her sister-in –law's son and no one except for me helps her in any manner what so ever. Her son was the head quarterback in his high school as well as the lead basketball center his senior year two years ago. His friend fell asleep at the wheel while coming home from his grandfather's birthday which my grandson (daughter's son) accompanied him. My grandson was thrown through the closed passenger window even with his seatbelt on. He now has a pin in his neck, plates in his eye and forehead, metal plates in his hip, knee, ankle and leg. Obviously he has severe issues to cope with but he, his mother, his sister and I continue to pray that he will get better in all areas. So, yes, when this daughter needs support and my grandchildren need food, I will help them. They are straight A students against all odds and never ask nor complain about anything.

That attorney also wanted to know why I purchased a used van of 2014 vintage after an accident that totaled my 2004 van and the SUV that hit me left the scene. She stated I could have purchased something older so the payments wouldn't have been so high. I purchased that van after a bankruptcy. CarMax was the only entity that would finance me at a reasonable interest rate amount after the bankruptcy. Additionally, I use the van for my job to transport students with autism on field trips as the bus costs ($600 + per trip) are unreasonable and we could not go anywhere if we had to use school buses. She also didn't consider that I have only about $900 discretionary money after my bills which I did not even include each additional unknown that comes up each month. If I had a car repair, vet bill for our service dogs, anything out of the ordinary; I would not be able to pay it. Even attending court takes around $485 out of my check as we get only 2 days unless it is jury duty for court. Then days are unpaid and they dock my check for that amount.

In verbalizing her rational about my adult children that I have helped, I stipulated their father (ex-husband) has never in his life helped them, spent or lost all but the last seven years of my retirement of over 46 years of work in shoddy investments with attorney/realtors, but the attorney stated I should not have helped my children and made sure my student loans were paid first.

She also stipulated that the companies garnishment of my wages over and over again at the highest rate was not a "good faith attempt" to pay off my loans. I could have fought the garnishments. I did not. I allowed it to happen hoping they would finally leave me alone. They also did not tell me I could have had the rate lowered and even with my financial situation, they garnished my wages at the highest point, often leaving me with not enough money to pay my own bills at the end of the month.

That particular attorney also asked me privately apparently so the court could not hear, whether or not I couldn't take on another job to pay down the loans. I am 67 years old, I get to work now at 7:00 AM and often am not back home until 6 or 7 PM due to meetings (federal IEP meetings we are required to attend and NOT PAID for). When would I be able to work that second job?

I am 67 going on 68 years old in a few months. I have worked all of my life. I have never taken a summer off for vacation over the 46 years I have continuously worked. I always teach summer school with disabled students as we are NOT paid on a 12-month basis and if I did not work during the summer I could not even pay rent, food, gas or other bills.

I am also permanently disabled since 2011 and continue to work because if I didn't my disabled son (15 years as a Marine with 100% mental and physical disabilities) and I would be living on the street. I have multiple physical disability diagnoses, documented by Kaiser my medical provider, of which any one of them could be a reason for me to not be able to work. These multiple physical limitations have been presented to the courts documenting my own 100% disabilities. I shouldn't be working now, but I have no other choice.

All of these reasons show "undue hardship" and reflect the other areas of the Brunner standard. I do and did quality for total permanent disability. I filled out the paperwork, had it documented by one of my doctors, turned it in to the student loan companies and had it rejected because I "was working."

In the Roth case, courts stipulated their hands were tied because Roth had not tried to renegotiate her loans, obtain a forbearance or a disability discharge that she had not met the good faith effort to repay them. However, a three-judge appellate panel of the Ninth Court of Appeals overruled the bankruptcy court stating that Roth had "made good faith efforts to obtain employment, maximize income and minimize expenses" and had not sought a bankruptcy discharge "until many years after the loans were in repayment status."

In my case, I have taught, been an administrator or a clinician in areas of significant need that no one wanted to serve to be able to achieve forgiveness as well as sought a disability discharge which was turned down because I had to work to survive. As with Roth, I mistakenly believed that because some were paid off by garnishment, some were paid down, some were in deferment or forbearance; that I was doing all I

could to absolve the problems associated with my loans even when being harassed day and night by these creditors. They simply didn't care and nothing I have done to serve others all of my life that I used these loans for to get my education means anything.

Judge Jim Pappas stated "...requiring a debtor to clear [the good faith] hurdle can condemn the student borrower to a lifetime of burdensome debt under one or more of the creditors long term repayment programs, some of which may span thirty to forty years. This aspect of the Brunner test also fails to account for the potentially devastating debt –forgiveness tax consequences to the debtor resulting from the successful completion of such a program, which is one reason repayment programs are not popular with borrowers. At bottom, requiring debtors to participate in these creditor programs as a condition to obtaining a bankruptcy discharge simply means that creditors, not the bankruptcy judges, will decide which loans can be repaid and which should be properly forgiven. This is surely not what Congress intended…." When I asked about this last week, a student loan entity stated I would still owe exorbitant taxes on the forgiven loans if not completely discharged in the adversary bankruptcy hearing. So, basically, even though I have given my entire life to educational and clinical services, at the age of 83, I will owe more taxes than I can pay so none of this makes any sense.

Pappas condemns the Brunner test stating it is "…out of step with the times…" and urged the Ninth Court of Appeals to create an undue hardship standard that: "…allows bankruptcy courts to consider all of the relevant facts and circumstances on a case-by-case basis to decide, simply, can the debtor currently, or in the near future, afford to repay the student loan debt while maintaining an appropriate standard of living. This approach could allow the bankruptcy court, after weighing the facts of each case, to decide whether the debtor, whose debt financial training that did not allow him or her to achieve any significant earnings, to discharge a large loan balance even in the absence of debilitating illness or handicap."

In my case I have worked for almost 46 years. Only after this amount of time have I achieved a decent wage. Young tech workers just out of college make twice or three times what I do after only a year or two in this Silicon Valley area. I do have total 100% disabilities in many significant health areas. I have no savings and if I retire or have to quit due to even one of the medical issues I have, I will not have a home in this area and will need to move in with one of my daughters. My disabled son will also have no place to live or anyone to care for him. However, the attorneys stipulate I do have a significant wage and I can afford to pay fairly large payments until I am 83. I would not even have money left just in one month if I had another car accident as I would have to pay a $500 deductible. With the suggested loan payments, I would have nothing at all left after bills to live on. How is the Brunner standard then fair in my case?

The Sixth Circuit court of Tennessee also found that phones, a home, Internet are reasonable expenses even in discharge cases for health, work or other necessary

reasons. The Western District of Tennessee has been explicit in its treatment of the first prong of Brunner noting that courts should examine whether the debtor can "reasonably afford to pay the loan while supporting the debtor themselves, as well as any dependents"...also holding that "this, like so much else in bankruptcy is the totality of the circumstances examination."

They continued to harass me by phone, emails, threats and intimidation—all of which are illegal but they did it daily, all through the night, did it to my son while in Afghanistan, to his wife, to my aged 82 year old (at the time) mother-in-law for years. All of this evidence was presented to the court. One attorney stated it wasn't her company, yet the company's name which did a great deal of the worst threats was, indeed, listed on her court documents given to the court as one of the companies she serves as an attorney.

They state I can do "income driven payments." That would take all but about $300 of my extra income after bills. What happens then in an emergency? It would also take 16.75 years for me to pay off these bills which are not even the total amount. I will be 83.75 years old if I make it that far and don't die first.

I have several surgeries that I keep having to postpone. They are not easy (hip replacement and knee replacement revision) and are, indeed, dangerous for someone of my age and with such significant health issues. Yet, I cannot even have these completed as I have to work to have an income, thus they cannot be completed until I have some free time and other health issues diminished in some manner to allow for more safety in having the operations.

My health will not change. The likelihood at my age is that some areas will become even more impaired. I will not be getting any younger.

Brunner's second prong precludes those who are suffering in the "short term." Nothing that affects me physically, familially, monetarily will change in the future. My health will not get better, my son's mental and physical conditions are unlikely to change. I will be getting older each year and am already two years beyond retirement age. The Sixth Circuit Court of Tennessee re Barrett states that the second prong can maintain that a debtor's circumstances indicate a certainty of hopelessness, not merely a present inability to fulfill financial commitment such circumstances may include, but are not limited to illness, disability, lack of useable job skills, existence of a large number of dependents, but ultimately the most important factor is that the additional circumstances or factors are beyond the debtor's control, not born of free choice." My body will not improve, my health circumstances may be controlled but will not disappear, are all quite serious and so threaten daily my overall health. My job may exist until I cannot physically endure my physical/health problems to be able to go to work. That may be this year or next year, but I am not likely to be able to continue to work for very much longer. At age 67, I am lucky, with my health issues, I have been able to work this long. I am on chronic pain medication just to be able to go to work and make it through each day.

That continues also to wreak havoc on all of my body as the medications themselves create more health issues. Re Barrett stated that the presentation about past and present medical conditions as well as a doctor (in my case disability form as well as Kaiser's report) being given does satisfy how the second prong of Brunner was satisfied by "precisely identifying problems and explaining how the debtors condition(s) would impair the debtor's ability to work in the future."

My income has no way to increase except for longevity, yet even with an increase in pay –due to rate hikes in our health coverage and other issues, I am actually bringing home less this year than last year.

The attorneys also stated I did not "try" to make payments. I applied for every forgiveness, forbearance, deferment etc. program that was available. I called and emailed (noted in my evidence book) each entity over and over again. I applied for a disability discharge. I have taught and or worked in clinical services in every area geographically, medically or educationally underserved that others do not wish to do that were guaranteed to help diminish or forgive these loans. It never happened and there were always some criteria I didn't meet that kept me from being able to utilize one of these programs.

In re Barrett again, it states the debtor made attempts to seek deferments which was indicative of good faith. I did do this all throughout my education as well as allowed, without fighting, multiple garnishments, called and set up payments myself, begged entities to stop harassing myself, my son, his wife and my mother-in-law to no avail. This, according to re Barrett, taken in conjunction with worsening health, in my case also age restrictions and my lifetime of providing educational and clinical services due to my education; supports and satisfies the good faith Brunner prong.

I was told my loans were in "forbearance," "deferment" or other terms when I went back to school for my master's; then PhD. Had I not been told that, I would certainly have paid on them. I, in fact, was the one who set up payments when they kept garnishing my wages leaving me nothing to live on; then threatening me more.

I am now tired of being threatened, told I can work more jobs at my age and with my health as well as other circumstances radically affecting my life. I have given, due to my education, over 46 years of educational and clinical services. (The attorneys actually asked me if I had done "anything" with my education.) My employment has not been "just teaching" as I have done every single job with honor, receiving awards in educational, administrative and clinical areas throughout every part of my career.

I have always worked, taking little, if any, time for myself as my jobs have been "my life." I would like to have some money each month left so I don't have to worry about emergencies. Yet each month the constant concern is that something will happen and I will not be able to pay the bills or have a car to drive or take care of my

son or animals. Now this. If I make the payments suggested, I will have around $300 left each month, if that. What about emergencies? I have no family who can help me. Please remember I was a foster child. Once you turn 18 or go to college as a foster child, that is the end of any family or support. I had a nice foster family per my parents, but their own children disliked the idea of any support for me after I entered college. Once I was in college, my so-called family basically ceased to exist. I have never had anyone but myself to depend on or turn to—period.

"Student Loan Debt Suicide" is now a relevant issue. The data suggests that even if a student commits suicide that can't pay their debts; the companies then go after the family. They have already done that to my disabled son who gave 15 years as a Marine to his country in some of the worst places on earth serving in the military. They have already done that to my now 89-year-old mother-in-law. What do you want—my death? After this last court session, I must admit, I felt so low I even thought about ending my own life. One attorney actually got right in my face after the last court session and I even told her how I felt about suicide with the way her questions and attitude impacted me that day. But, I can't do that to my son, as there would be no one to care for him. However, I honestly don't know how much more of this I can take.

I have given my life to education and clinical services. I can assure you I have paid back every penny, although not monetarily, but through my hard work, concern, caring, research and every minute for all of those years I have given to my students, patients, their families, this country in areas of "significant need" where no one else wanted to go or serve as that was a stipulation that the loan companies stated would "forgive" my loans, defer them—but it never, ever happened.

I simply want some peace before I do leave this world. I have no more to give other than the fact that I will keep on working until I can't walk anymore. I will give what I can to help those I serve, but that is all I can do.

I have no extra funds. My health will not get better in any way, shape or form. I will be incredibly lucky if it does not get worse. My income will not increase. No matter what the attorneys may think, at my age of 67 and my physical health limitations, I cannot in any manner take on two jobs to pay these loans. I have done all I can to serve everyone that has come into my life every year of my working endeavors.

President Obama did create a plan for repayment, but if I even take that plan I will be 83 before some of the loans are even partially paid off. What the attorney who suggested this repayment plan did not stipulate was that Obama asked several government agencies to review, by October 1 of 2015, whether the "...treatment of student loans in bankruptcy should be altered?" Some bills were actually suggested and written to support students owing huge amounts of loans who had served or used their education in some significant manner that showed their education was not wasted. Unfortunately, those bills are nowhere to be seen and Obama will soon be a memory.

The Sixth Court of Appeals in Tennessee also states that implicit in many court's holdings is the "reality that every bankruptcy case presents a different balancing act, and thus, strict adherence to the Brunner test is not always in the best interest of the debtor and society. Knowing this, the Circuit has been proactive and successful in weighing the congressional intent and policies behind S 523 discharge versus the practical reality and circumstances every debtor faces in filing bankruptcy." In re Barrett, In re Hornsby and In re Cheesman the court stipulates"....By leaving room for latitude in its decision-making, the court is in the best position to render the most fair and equitable outcome for all parties." I hope this is true in my case.

Thank you.

Rebecca Lynn-Yee

Rebecca Lynn-Yee